IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOLANDA TARR,<br><br>          Plaintiff,<br><br>     v.<br><br>MIDLAND CREDIT MANAGEMENT, INC.,<br><br>          Defendant.<br>_____ | 2:10-cv-03231-GEB-DAD<br><br>ORDER RE: SETTLEMENT AND<br>DISPOSITION |

Plaintiff filed a "Notice of Settlement" on April 5, 2011, in which she states, "this case has settled[,]" and requests "sixty (60) days . . . to file dispositive documentation." (ECF No. 16.)

Therefore, a dispositional document shall be filed no later than June 6, 2011. Failure to respond by this deadline may be construed as consent to dismissal of this action without prejudice, and a dismissal order could be filed. See L.R. 160(b) ("A failure to file dispositional papers on the date prescribed by the Court may be grounds for sanctions.").

Plaintiff also states in its "Notice of Settlement": "This Court shall retain jurisdiction over this matter until fully resolved." "[T]he mere fact that the parties agree that the court should exercise continuing jurisdiction is not binding on the court." Arata v. Nu Skin Intern., Inc., 96 F.3d 1265, 1269 (9th Cir. 1996). "A federal court may refuse to exercise continuing jurisdiction even though the parties have

1

1  agreed to it. Parties cannot confer jurisdiction by stipulation or
2  consent." <u>Collins v. Thompson</u>, 8 F.3d 657, 859 (9th Cir. 1993).
3      IT IS SO ORDERED.
4  Dated: April 5, 2011

                          */s/ Garland E. Burrell, Jr.*
                          GARLAND E. BURRELL, JR.
                          United States District Judge